IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Fletcher Herbert, ) | C/A No. 0:14-1090-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Larry Cartledge, *Perry Correctional Institution SCDC*, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Robert Fletcher Herbert, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court on the plaintiff's motion for appointment of counsel and plaintiff's motion for a mental examination. (ECF Nos. 34 & 35.)

There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court may use its discretion to request counsel to represent an indigent in a civil action. See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). However, such discretion "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would the plaintiff be denied due process if the court denied

PJG

plaintiff's request for counsel.  Id.  Accordingly, the plaintiff's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied.  (ECF No. 35.)

Herbert also filed a motion requesting a mental and physical examination of himself pursuant to Rule 35(a) of the Federal Rules of Civil Procedure.  (ECF No. 34.)  The defendant asserts that even though under Rule 35 of the Federal Rules of Civil Procedure a mental examination of a party is permissible, Herbert does not meet the requirements of the Rule.  Specifically, Rule 35 does not contemplate the plaintiff seeking a mental or physical examination of himself.  Further, Herbert cannot demonstrate good cause for the evaluation.  See Fed. R. Civ. P. 35; Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997) (holding that a Rule 35 motion for a mental examination is not the proper vehicle to obtain medical care and raise claims of deliberate indifference to a plaintiff's medical needs).  Moreover, Herbert does not identify the source of any funds to pay for this evaluation.  To the extent he requests that it be performed at public expense, such a request must be denied.  See United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress, not that public funds may be expended unless prohibited by Congress."); Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987) (upholding the district court's denial of a civil plaintiff's request for funds to pay an expert medical witness and observing that neither 28 U.S.C. § 1915 nor any other authority provides for such funding).  For all of the foregoing reasons, this motion is denied.  (ECF No. 34.)

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 6, 2014
Columbia, South Carolina